**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1815-19

MTGLQ INVESTORS, LP,

     Plaintiff-Respondent,

v.

MARIA ESPOSITO a/k/a MARIA
R. ESPOSITO, a/k/a MARIA
THOMPSON,

     Defendant-Appellant,

and

VINCENZO ESPOSITO, a/k/a
VINCENT ESPOSITO; MRS.
ESPOSITO, spouse of
VINCENZO ESPOSITO a/k/a
VINCENT ESPOSITO; DISCOVER
BANK; HOUSEHOLD FINANCE
CORPORATION III; and AMERICAN
EXPRESS BANK, FSB,

     Defendants.

_____

Submitted May 4, 2021 – Decided May 19, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-009016-18.

Maria Esposito, appellant pro se.

RAS Citron, LLC, attorneys for respondent (Christopher Ford, on the brief).

PER CURIAM

In this residential mortgage foreclosure matter, defendant Maria Esposito appeals from the November 22, 2019 final judgment of foreclosure entered after Judge Kathi F. Fiamingo granted summary judgment to plaintiff on January 11, 2019, and remanded the matter to the Office of Foreclosure to proceed as an uncontested matter. Defendant also challenges the judge's August 2, 2019 order denying her motion for reconsideration. We affirm substantially for the reasons expressed by Judge Fiamingo in her thorough written decisions addressing the summary judgment and reconsideration motions.

Judge Fiamingo found the following pertinent facts following her review of the record. On October 26, 2007, defendant executed a $166,600 note to the original lender, IndyMac Bank, F.S.B., together with a mortgage in favor of Mortgage Electronic Registrations Systems, Inc., as nominee for IndyMac. These transactions were recorded on November 13, 2007.

Through a subsequent series of assignments, the note and mortgage were transferred to Federal National Mortgage Association (FNMA), the original plaintiff in this action. The assignment to FNMA was recorded on August 17, 2016.

On October 1, 2017, defendant defaulted on the loan. On March 19, 2018, FNMA served defendant with a written notice of intention to foreclose (NOI) that met all the requirements of the New Jersey Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68. On April 27, 2018, FNMA filed its foreclosure complaint, and defendant filed an answer. FNMA thereafter moved for summary judgment. Defendant did not file any opposition to the motion.

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993). Judge Fiamingo found that FNMA met each of these requirements and entered judgment in its favor.

In so ruling, the judge examined all of the underlying documents and found they were properly executed, recorded, and authenticated. FNMA also established that defendant defaulted on the mortgage by failing to pay anything on the loan after October 1, 2017.

A-1815-19

Judge Fiamingo found that plaintiff clearly had standing to file a foreclosure action because it had been assigned the mortgage and was in possession of the note prior to filing its foreclosure complaint. See Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (holding that standing is conferred by "either possession of the note or an assignment of the mortgage that predated the original complaint"). Finally, FNMA demonstrated that it properly served the NOI upon defendant.

On July 17, 2019, defendant filed a motion for reconsideration. By that time, FNMA had assigned the mortgage to MTGLQ Investors, LP (MTGLQ). This assignment was recorded on June 24, 2019. FNMA filed a motion to substitute MTGLQ as the plaintiff in this action, defendant did not oppose this motion, and Judge Fiamingo entered an order substituting MTGLQ as the plaintiff in this case pursuant to Rule 4:34-3.[1]

On August 2, 2019, Judge Fiamingo denied defendant's motion for reconsideration. In her written decision, the judge explained that defendant did not demonstrate that the court failed to consider any competent evidence in

---

[1] In pertinent part, Rule 4:34-3 provides that where, as here, there has been a "transfer of interest, the action may be continued by or against the original party."

granting summary judgment or that the court acted in an arbitrary, capricious, or unreasonable manner in its handling of the matter. This appeal followed.

On appeal, defendant argues that "[t]he [t]rial [c]ourt erred and abused its discretion in granting [p]laintiff summary judgment and denying defendant's [motion for] reconsideration . . . ." We disagree.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). "Summary judgment must be granted if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show . . . there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)).

Thus, we consider, as the trial judge did, whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Ibid. (quoting Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995)). We accord no deference to the trial judge's conclusions on issues of law and review issues of law de novo. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

A-1815-19

We review the denial of a motion for reconsideration to determine whether the trial court abused its discretion.  Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).  "Reconsideration cannot be used to expand the record and reargue a motion."  Capital Fin. Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).  A motion for reconsideration is meant to "seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record."  Ibid. (citation omitted).

For these reasons, reconsideration should only be granted in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence."  Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).  Therefore, we have held that "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate."  Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010).

We have considered defendant's contentions in light of the record and these legal principles and conclude they are without sufficient merit to warrant

6

discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We are satisfied that Judge Fiamingo properly granted summary judgment to plaintiff for the reasons set forth in her January 11, 2019 written opinion, and correctly denied defendant's motion for reconsideration of that decision for the reasons expressed in her August 2, 2019 decision.  Therefore, we discern no basis for disturbing the November 22, 2019 final judgment of foreclosure.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION